IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.   3:06cr101/LAC
                                                       3:09cv182/LAC/EMT

HALEIFU GOLDSMITH

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law (doc. 129).[1]  The Government has filed a response (doc. 142), and Defendant has filed a reply (doc. 148).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

## BACKGROUND

Defendants Ortayvius Lesure and Haleifu Goldsmith were charged in a two-count superceding indictment as follows:  Count One charged Lesure with being a felon in possession of firearms and ammunition, aided and abetted by Goldsmith; Count Two charged Goldsmith with being a felon in possession of firearms and ammunition, aided and abetted by Lesure (doc. 31).  The firearms in question were four .38 caliber Colt revolvers, one .32 caliber Colt revolver, and two .22 caliber North American Arms revolvers and ammunition (*id.*). The Government filed a notice of enhancement information stating that Defendant Goldsmith was subject to the increased penalty

---

[1] Defendant's motion will be referred to as "doc. 129" and the memorandum will be referred to as "doc. 129-2."

provisions of 18 U.S.C. § 924(e) because of his prior convictions (doc. 17).  Defendant was represented by appointed counsel Kafahni Nkrumah, and after a jury trial, both men were convicted as charged (docs. 47, 51).  Defendant Goldsmith moved for a judgment of acquittal and/or a new trial (doc. 54), but this motion was denied after response from the Government (docs. 55, 56).

The facts of the case are set forth in detail in the Government's response (doc. 142), the Eleventh Circuit's opinion (doc. 112), and the Presentence Investigation Report ("PSR").  Briefly, near midnight on June 9, 2006, Escambia County Sheriff's deputies responded to a call about a disturbance in a motel room in Pensacola, Florida.  Deputies outside the room could hear several people yelling inside.  A man later identified as Defendant Goldsmith repeatedly mentioned getting a gun and going to shoot someone.  Before officers had the opportunity to knock, Goldsmith opened the door, observed the sheriff's deputies and fled back into the room, at which point the deputies entered.  Upon entering and securing the room, deputies observed in plain view two .22 caliber shell casings and a loaded Colt .38 revolver.  Deputies received Lesure's consent, as the authorized occupant of the room, to conduct a further search and discovered a bag containing five additional revolvers and a woman's purse that may have been stolen, as it did not belong to the lone female occupant of the room.  They also located several pieces of a white rock-like substance, and white powder residue on a table, both of which field tested positive for the presence of cocaine.  The co-defendants' statements with respect to knowledge and ownership of the weapons were inconsistent, with Goldsmith stating he had come to purchase a gun from Lesure who was selling them, and Lesure alternately denying and admitting knowledge of the weapons in the bag.  Once it was determined that each of the men was a convicted felon, they were taken into custody.

As noted above, Defendant Goldsmith was convicted at trial.  The probation office prepared a PSR to guide the court in sentencing.  After grouping Count One and Count Two, the probation officer calculated Defendant's base offense level pursuant to §2K2.1(a)(4)(A) at 24 (PSR ¶¶ 17, 28). Defendant received a two-level increase pursuant to § 2K2.1(b)(1)(A) because three or more firearms were involved, a two-level increase pursuant to § 2K2.1(b)(4)(A) because at least one of the firearms was stolen, and a four-level increase pursuant to § 2K2.1(b)(6) because the possession

was in conjunction with another offense, that is, possession of a felony amount of cocaine[2] (PSR ¶¶ 29– 31).  He also received a two-level adjustment pursuant to § 3C1.1 for obstruction of justice due to his perjured testimony at trial (PSR ¶ 34).  His total offense level was 34 (PSR ¶ 39).  Defendant had 29 criminal history points, so his criminal history category was VI (PSR ¶ 72).  Based on these calculations, the advisory guidelines range was 262 to 327 months imprisonment (PSR ¶ 102).

In response to the PSR, Defendant objected to the adjustments for obstruction of justice, for using a firearm in the commission of another offense, and for possession of multiple firearms (*see* PSR ¶¶ 128–133).  In turn, the Government moved for the imposition of an above-guidelines sentence, noting that Defendant committed the crime less than 90 days after being released from custody and that his criminal history was not accurately captured under the advisory guidelines range (doc. 59 at 3; *see also* PSR ¶¶ 122–125).

At sentencing, the court overruled Defendant's objections (doc. 88 at 3–24) and sentenced him to a term of 120 months imprisonment on Count One and 360 months imprisonment on Count Two, with the sentences to run concurrently (doc. 88 at 30–31).  The sentence on Count One was the statutory maximum term, and the sentence on Count Two was a departure based on the court's finding that Defendant's criminal history category under represented his criminal conduct and the likelihood of recidivism (*id.*).  The court specifically noted that the sentence in this case would have been the same regardless of the court's rulings on Defendant's objections (*id.* at 32).  Counsel for Defendant objected that the sentence was unconstitutional and indicated Defendant's intent to appeal (*id.* at 32–33).

Defendant appealed, contending that the evidence was insufficient to support his conviction (doc. 112); United States v. Leisure, 262 Fed. Appx. 135 (11th Cir. 2008).  The Eleventh Circuit affirmed his conviction, finding that neither the district court's denial of his motion for judgment of acquittal nor the district court's use of the Pattern Jury Instruction on aiding and abetting was plain error because it was plain under neither Supreme Court nor circuit precedent that an aider and

---

[2] Defendant was charged in state court for this alleged offense, as law enforcement observed the cocaine in plain view at the time of his arrest.  The charges were nolle prossed however.  (Doc. 60 at 2).

abetter's knowledge of the principal's status as a convicted felon is an essential element of the offense of aiding and abetting a § 922(g) violation. *Id.*

In the instant motion, Defendant separates his claims into nine grounds for relief. He contends that the district court lacked subject matter jurisdiction over his case, he raises seven claims of ineffective assistance of counsel, and he raises a nebulous assertion that his sentence was improperly enhanced. The Government opposes the motion in its entirety.

### LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); Hidalgo v. United States, 138 Fed. Appx. 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16, 83 S. Ct. 1068, 1077, 10 L. Ed. 2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or

supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998); Mills, 36 F.3d at 1055 (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 118 S. Ct. at 1611 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Id.,* 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d (1984); Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000); Gaskin v. Secretary, Dept. of Corrections, 494 F.3d 997, 1002 (11th Cir. 2007).  "Strickland's two-

part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990) (*citing* Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)); United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001).  In applying Strickland, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S. Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S. Ct. at 2065; *see also* Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315 (en banc)).  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant

of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04, 121 S. Ct. 696, 700–01, 148 L. Ed. 2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id.

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)); United States v. Ross, 147 Fed. Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See*

Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [i.e., an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### Ground One

Defendant's first ground for relief is that the court lacked subject matter jurisdiction over the criminal case against him.  The basis for his claim is that the court records do not show "proof" that the superceding indictment was ever examined and approved by the grand jury or that the indictment was returned in open court before a federal magistrate judge on September 20, 2006.  Defendant's claim is both factually without merit and procedurally barred.

Federal Rule of Criminal Procedure 12(b)(3) (A) provides that a motion alleging a defect in instituting the prosecution must be made before trial.  Federal Rule of Criminal Procedure 12(e) provides that a party waives any Rule 12(b)(3) defenses or objections by failing to raise same by a deadline set by the court.  An attempt to raise a such a challenge in a post-conviction proceeding, rather than before trial, is untimely.  See United States v. Seher, 562 F.3d 1344, 1359 (11th Cir. 2009); United States v. Ramirez, 324 F.3d 1225, 1227–28 (11th Cir. 2003); United States v. Valdez-Camarena, 402 F.3d 1259, 1260–61 (10th Cir. 2005) (finding a nearly identical challenge untimely).

In addition to being untimely, Defendant's assertions are without foundation.  Grand jury proceedings are accorded a presumption of regularity which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.  United States v. Johnson 319 U.S. 503, 512–13 (1943); U.S. v. R. Enterprises, Inc., 498 U.S. 292, 300–01 (1991) (citing United States

v. Mechanic, 475 U.S. 66, 75 (1986) (O'Connor, J. concurring in judgment)); United States v. Molinares, 700 F.2d 647, 652 n. 6 (11th Cir. 1983) (citing cases).  Defendant has failed to offer such particularized proof. The first page of the indictment returned on September 20, 2006 (doc. 31) contains a stamped box that reads "Returned in open court pursuant to Rule 6(f)" with a space for a date and the signature of a United States Magistrate Judge.  The date is recorded as "9-20-06" and the document was signed by then-Magistrate Judge Miles Davis (doc. 31 at 1).  Defendant appears to assert that this is insufficient because there is no "minute entry" in the court's docket reflecting the return of the indictment.  Defendant also appears to complain that the foreperson's signature on the indictment was redacted, and argues that even if it had not been, the fact that the foreperson signed it offers no proof that the entire grand jury examined and approved the draft indictment (doc. 129-2 at 4).  His conclusory assertions do not establish the insufficiency of the indictment.

Finally, even if Defendant were correct that the indictment was deficient, this is not fatal to the court's jurisdiction.  United States v. Cotton, 535 U.S. 625, 630–31 (2002).  Therefore, he has not shown that he is entitled to relief.

**Ground Two**

Defendant's second ground for relief is an ineffective assistance of counsel claim based on counsel's failure to make the argument set forth in ground one.  Because there was no factual basis for relief on ground one, this claim likewise fails.  Counsel is not ineffective for failing to preserve or argue a meritless claim.  Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was

a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

### Ground Three

Defendant's third ground for relief is also based on the deficiency of the indictment.  He asserts that counsel was constitutionally ineffective because he failed to file a timely motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3), challenging the court's subject matter jurisdiction.  For the reasons stated above in grounds one and two, he is not entitled to relief on this ground.

### Ground Four

In Ground Four, Defendant contends that trial counsel was constitutionally ineffective because he failed to challenge the lack of "probable cause" and "jurisdiction" as evidenced by the Government's failure to file a criminal complaint.

It is true that no criminal complaint was filed before Defendant's indictment in this case. If Defendant believes that a criminal complaint is required to invoke the court's jurisdiction and establish probable cause, he is mistaken.  The return of a true bill by a grand jury resulting in indictment conclusively demonstrates that probable cause exists to implicate a citizen in a crime. United States v. Hurtado, 779 F.2d 1467, 1477 (11th Cir. 1985) (citing Ex parte United States, 287 U.S. 241, 250, 53 S. Ct. 129, 131, 77 L. Ed. 283 (1932); Gerstein v. Pugh, 420 U.S. 103, 117 n.19, 95 S. Ct. 854, 864 n.19, 43 L. Ed. 2d 54 (1975); Giordenello v. United States, 357 U.S. 480, 487, 8 S. Ct. 1245, 1250, 2 L. Ed. 2d 1503 (1958).  A motion to dismiss on the basis suggested by Defendant would have been frivolous.  Therefore, Defendant has again failed to establish either deficient performance by counsel or prejudice, and he is not entitled to relief on this claim.

### Ground Five

Defendant contends that counsel was constitutionally ineffective because counsel "forced" Defendant to stand trial when Defendant had instructed counsel to seek a "favorable plea bargain." He states in an affidavit that counsel told him "if you want to plea out, you got to get another lawyer because I'm taking this case to trial."

To the extent Defendant asserts that counsel was ineffective for failing to secure a plea bargain, his claim fails.  This court is well aware that the United States Attorney for this district does

not plea bargain.[3]  In light of the U.S. Attorney's general policy concerning plea "bargaining," counsel could not have been ineffective for his failure to negotiate one.  Furthermore, in its response, the Government suggests it would not have been willing offer any concessions to "an eleven-time convicted felon which had been caught red-handed with firearms by law enforcement" (doc. 142 at 12).

Even if counsel had secured a plea and cooperation agreement, which is more typical in this district, it is highly improbable that Defendant could have entered a guilty plea.  Defendant has consistently attempted to minimize or deny the scope of his involvement.  He maintained his innocence at trial (doc. 98 at 79, 94) and continued to do so even after the jury's verdict in his conversation with the probation officer.  The PSR specifically reflects that during the presentence interview, Defendant stated that he disagreed with the jury's verdict and continued to deny the allegations (PSR ¶ 25).  This position is completely inconsistent with the ability to enter a guilty plea in federal court, because a guilty plea requires an admission of guilt, not just an acceptance of the facts the government is prepared to prove.  *See* United States v. Saac, 632 F.3d 1203, 1209 (11th Cir. 2011) (a guilty plea serves as an admission of all the elements of a formal criminal charge) (quotation and citation omitted); United States v. Granados-Gutierrez, 356 Fed. Appx 307 (11th Cir. 2009) (admissions that are insufficient to support the elements of the offense will not support a guilty plea; district court "unlikely to accept" a nolo contendere plea).  Federal Rule of Criminal Procedure 11 allows for conditional pleas or nolo contendere pleas with the consent of both the court and the government.  Fed.R.Crim.P. 11(a)(2).  However, an experienced criminal practitioner such as the Assistant Federal Public Defender in this case would know that, in practice, nolo pleas are virtually unheard of in this court.  Thus, in order to enter a plea, Defendant would have had to admit his guilt of the offense conduct.  Consequently, if Defendant believed his testimony under oath at trial, he would have been required to perjure himself in order to enter a guilty plea.  If a defense attorney is presented with a client who is adamant about his innocence, it would be _not_ be reasonable

---

[3] *See* 3:06cr66/LAC, doc. 269, appendix C, affidavit of Assistant United States Attorney David Goldberg (Government would not agree to dismiss counts in exchange for a guilty plea except where dismissal would have no effect on a defendant's prospective sentence of imprisonment); 3:00cr53/RV, doc. 186 at 1-2, affidavit of Assistant United States Attorney William Stafford, III (reiterating Government's policy of no plea bargains, and noting that a defendant who had taken the stand and testified untruthfully would not subsequently be able to cooperate).

for counsel to pursue any sort of plea agreement which would have required Defendant to perjure himself in order to enter the plea. Such action also could possibly have formed the basis for a collateral claim that counsel "coerced" the plea, although the Rule 11 colloquy is designed to prevent this. Defendant's after-the-fact assertion that he "would have entered a plea bargain" or that he was "forced" to stand trial is flatly contradicted by his sworn testimony in which he contrasted his innocence of the charges in this case with other cases where he chose to enter a guilty plea because he was guilty (*see* doc. 98 at 79). He has not shown either deficient performance or prejudice.

**<u>Ground Six</u>**

As his sixth ground for relief, Defendant asserts that counsel was ineffective for advising him to testify in his own behalf. Defendant states that counsel should not have advised him to testify, knowing that Defendant was on trial for charges similar to those in his criminal history. He then asserts that counsel never advised him about his right to testify and the strategic implications of testifying or of the fact that the Government would mention his prior convictions to the jury during cross-examination. Defendant asserts that had counsel advised him that he would be questioned about his prior felonies, he would not have testified in his own defense.

Defendant's assertion appears based on an assumption that the jury convicted him based on his past felonies, rather than the entirety of the evidence it heard at trial. This ignores the court's specific instructions to the jury in this regard. For instance, the jury was instructed to make a decision based only on the testimony and evidence presented during the trial and to not be influenced by prejudice against Defendant (doc. 48 at 2). The court gave the standard instructions about assessing the credibility of witnesses (*id*. at 5–6), and of particular relevance to Defendant Goldsmith noted that "[e]vidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime for which the Defendant is on trial" (*id.* at 7). The court also offered an instruction relating to a witness' use of addictive drugs during the time of the events in question (*id.* at 8), and told jurors that the case of each Defendant must be considered separately from that of the other Defendant (*id*. at 15).

The jury is presumed to have followed the judge's instructions.  Richardson v. Marsh, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987); Hallford v. Culliver, 459 F.3d 1193, 1204 (11th Cir. 2006); United States v. Calderon, 127 F.3d 1314, 1334 (11th Cir. 1997); see also United States v. Powell, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it.").  If the jury followed the instructions cited above, clearly Defendant's conviction was based on the evidence against him alone, not on his history of past misdeeds.

Defendant also claims that counsel failed to discuss the "risks" of testifying with him.  See Cleckler v. United States, 410 Fed. Appx. 279 (11th Cir. 2011).  The crux of his complaint remains that his prior criminal history was brought out in detail during his testimony.  As noted by the Government, however, the fact of Defendant's criminal history was already before the jury even before cross-examination.  In this case, despite this extensive criminal history, through his testimony on direct Defendant was able to distinguish his prior acts.  He noted that it was his practice to plead guilty when he committed a crime, that he had never gone to trial before, and that he chose to do so in this case because he was not guilty of the charged offense (doc. 98 at 79).  His live testimony was the only way to introduce this information to the jury, and thus Defendant's testimony was possibly the only opportunity he had to rebut the prosecution's evidence against him.  Defendant himself cites several cases in his memorandum that underscore the potential importance of a defendant's own testimony.  See Rock v. Arkansas, 483 U.S. 44, 52 (1987) ("the most important witness for the defense in many criminal cases is the defendant himself"); Ferguson v. Georgia, 365 U.S. 570, 582 (1961) ("the accused. . . above all others may be in a position to meet the prosecution's case."); Green v. United States, 365 U.S. 301 (1961) ("[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.").  Even if, as Defendant claims, counsel failed to inform him that his past criminal history would be an issue during his testimony, from a review of the record as a whole, the risks seem to have been were

outweighed by the potential benefits of his testimony.[4]  The mere fact that he was convicted does not mean that counsel was constitutionally ineffective.

### **Ground Seven**

Defendant contends that appellate counsel was ineffective because he failed "to raise a preserve[d] peremptory challenge on appeal."  Defendant's complaint is essentially that appellate counsel failed to raise a <u>Batson</u>[5] challenge on appeal after trial counsel preserved the issue of the Government's allegedly racially biased use of its peremptory challenges during jury selection. Defendant acknowledges that appellate counsel wrote him a letter in which counsel mentioned this issue, but also explained that counsel concluded after his review of the record that the district court's actions in this regard were not reversible error on direct review.  Defendant takes the position that counsel's conclusion "cannot be consider[ed] professional judgment" (doc. 129-2 at 29).

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.  <u>Evitts v. Lucey</u>, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so.  <u>Jones v. Barnes</u>, 463 U.S. 745, 751–52, 103 S. Ct. 3308, 3313, 77 L. Ed. 2d 987 (1983); <u>Heath v. Jones</u>, 941 F.2d 1126, 1130–31 (11th Cir. 1991); <u>Francois v. Wainwright</u>, 741 F.2d 1275, 1285 (11th Cir. 1984).  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."  <u>Barnes</u>, 463 U.S. at 751–52, 103 S.Ct. at 3313.  The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the appellate advocacy, which must be judged in its entirety, was effective.  <u>Smith v. Murray</u>, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).  To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues

---

[4] And of course, it is axiomatic that a criminal defendant has the right to testify in his or her own defense. <u>Rock v. Arkansas</u>, 483 U.S. 44, 49, 107 S. Ct. 2704, 2708, 97 L. Ed. 2d 37 (1987); <u>McGriff v. Dept. of Corrections</u>, 338 F.3d 1231, 1237 (11th Cir. 2003); <u>Gallego v. United States</u>, 174 F.3d 1196, 1197 (11th Cir. 1999); <u>United States v. Teague</u>, 953 F.2d 1525, 1534 (11th Cir. 1992).  This right is fundamental and personal to the defendant, such that it may not be effectively waived by counsel against the defendant's will.  <u>Gallego</u>, 174 F.3d at 1197; <u>Teague</u>, 953 F.2d at 1532.

[5] <u>Batson v. Kentucky</u>, 476 U.S. 69 (1986).

the defendant alleges counsel was derelict in not raising on appeal.  Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988).  Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit."  Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); see also Lambrix v. Singletary, 72 F.3d 1500, 1507 (11th Cir. 1996); United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000).  And, where the case law at the time of the direct appeal is not clear on an issue, appellate counsel's performance does not fall below the "objective standard of reasonableness" for failing to raise it.  See Jones v. United States, 224 F.3d 1251, 1258–59 (11th Cir. 2000); Chateloin v. Singletary, 89 F.3d 749, 754 (11th Cir. 1996).  An informed decision based on reasonable professional judgment not to pursue a particular issue on appeal does not render counsel's performance deficient.  See Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985).  A review of the record reveals that the issue Defendant claims counsel should have raised was without merit.

It is well established that once the defense has established a prima facie case of race discrimination in its use of peremptory challenges, the burden shifts to the government to proffer race-neutral explanations for its use of the challenges.  See Batson, 476 U.S. at 97–98, 106 S. Ct. at 1723–24.  The Government did this before the district court.  The defense specifically questioned the Government's use of two peremptory challenges to strike African American venire members.[6] With respect to one of the challenged jurors, juror number 17, the Government explained that the potential juror's brother had been convicted of the distribution and/or sale of drugs and sentenced to prison, and it challenged her because the case at bar involved guns and drugs (doc. 101 at 45).  Juror number 32 was stricken because he was unemployed, failed to dress appropriately for court, failed to properly fill out the jury questionnaire form, and the Government did not "like the way he handled himself and his demeanor" (id.).  The AUSA noted that he had "no information on that person except that he's unemployed and was not respectful of the court enough to wear appropriate attire to the federal courthouse (id.)."  The Government specified that the individual in question had been inattentive during voir dire, rolling or rubbing his eyes (id. at 48), and the court concurred,

---

[6] Two other African American members of the panel were stricken because they knew Defendant's mother (doc. 101 at 45).

noting its own observation that the potential juror "is simply either not interested or not able to focus on the purpose and the situation here today" (*id.* at 49). Based on this court's review of the record, there was no basis for a viable <u>Batson</u> challenge on appeal, and appellate counsel's performance was not constitutionally infirm for his failure to raise one.

### **Ground Eight**

Defendant's next contention is difficult to discern. He states that he was "improperly enhanced in his sentence, thereby deprivinding (sic) the district court of subject matter jurisdiction to impose an enhanced sentence." As his argument, he asserts that he "reserves the right to file a memorandum of law and arguments in support of this claim." The mere fact that a litigant states that he "reserves his right" to do something does not mean that such a right actually exists. In his reply, in response to the Government's argument that the claim is vague and conclusory, or alternatively, procedurally barred, Defendant states that he "would not continued (sic) to pursue ground eight for relief" (doc. 148 at 13). Even if he had not chosen to abandon this claim, because it is utterly vague and conclusory, it does not establish any basis for relief.

### **Ground Nine**

Defendant's last ground for relief is a claim of cumulative error. It is true that the cumulative effect of several errors that are harmless by themselves could so prejudice the defendant's right to a fair trial that a new trial might be necessary even if the errors considered individually are non-reversible. *See, e.g.*, <u>U.S. v. Ramirez,</u> 426 F.3d 1344, 1353 (11th Cir. 2005); <u>United States v. Preciado-Cordobas</u>, 981 F.2d 1206, 1215 n.8 (11th Cir. 1993) (citing <u>United States v. Pearson</u>, 746 F.2d 787, 796 (11th Cir. 1984)); <u>United States v. Adams</u>, 74 F.3d 1093,1099 (11th Cir. 1996); <u>United States v. Thomas</u>, 62 F.3d 1332, 1343 (11th Cir. 1995). However, "[a] defendant is entitled to a fair trial not a perfect one." <u>Ramirez</u>, 426 F.3d at 1353 (*quoting* <u>United States v. Adams</u>, 74 F.3d 1093, 1099–1100 (11th Cir. 1996) (*citing* <u>Lutwak v. United States</u>, 344 U.S. 604, 619, 73 S. Ct. 481, 490, 97 L. Ed. 593 (1953))). The cumulative error doctrine is inapplicable where the district court commits no individual errors. <u>United States v. Waldon</u>, 363 F.3d 1103, 1110 (11th Cir. 2004). In this case, the court has found no individual error; thus, the cumulative error doctrine affords Defendant no relief.

### Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  That the motion to vacate, set aside, or correct sentence (doc. 129) be **DENIED** and **DISMISSED**.

2.  That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 3ʳᵈ day of August 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**