IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   3:06cr101/LAC/EMT
                   3:16cv270/LAC/EMT

HALEIFU GOLDSMITH

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Motion to Correct Sentence Under 28 U.S.C. § 2255" (ECF No. 175). The Government filed a response and a notice of supplemental authority (ECF Nos. 177, 178). Defendant did not file a reply. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that the § 2255 motion should be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

On October 3, 2006, a jury convicted Defendant Haleifu Goldsmith of aiding and abetting the possession of a firearm by a convicted felon ("Count One") and possession of a firearm by a convicted felon ("Count Two") (ECF Nos. 31, 51).

The Presentence Investigation Report ("PSR") determined that Mr. Goldsmith qualified as an Armed Career Criminal due to a criminal history which included convictions for principal to robbery, sale of cocaine, and robbery with a weapon (ECF No. 180, PSR ¶¶ 42, 44, 46). As a result of this Chapter Four designation, he was subject to an enhanced minimum mandatory term of fifteen years to life imprisonment, as well as the enhanced guidelines range set forth in U.S.S.G. § 4B1.4. However, Mr. Goldsmith's advisory guidelines range was higher when calculated pursuant to Chapters Two and Three of the guidelines, so these chapters, rather than Chapter Four, were used to determine his total offense level of 34 (PSR ¶¶ 38, 39). His criminal history category was VI based on his 29 criminal history points, irrespective of his ACCA designation (PSR ¶ 72).[1] The applicable advisory guidelines range was 262 to 327 months' imprisonment (PSR ¶ 102). On January

---

[1] The ACCA determination remains relevant because without it, his sentence on Count Two could not have exceeded ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2).

Case Nos.: 3:06cr101/LAC/EMT; 3:16cv270/LAC/EMT

5, 2007, the court sentenced Mr. Goldsmith to the statutory maximum of 120 months' imprisonment on Count One and an above-guidelines term of 360 months on Count Two (ECF No. 66). The court also imposed three years of supervised release on Count One and five years on Count Two (*id.*).

The Eleventh Circuit Court of Appeals affirmed the judgment and conviction in February of 2008 (ECF No. 112). Mr. Goldsmith filed a § 2255 motion, which this court denied in November of 2011 (ECF No. 129, 159, 165).

In May of 2016, Mr. Goldsmith obtained leave from the Eleventh Circuit to file a second or successive § 2255 motion (ECF No. 174). Soon thereafter he filed the instant motion claiming he is entitled to sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 175). The Government opposes the motion.

ANALYSIS

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force

against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. *Johnson* inspired a flood of litigation, and many defendants obtaining sentencing relief.

In his instant § 2255 motion, Mr. Goldsmith claims that his prior robbery convictions no longer qualify as violent felonies under the ACCA, and that he too is entitled to sentencing relief. He attempts to contrast binding Eleventh Circuit precedent and maintains that the element of "force, violence, assault, or putting in fear" in the Florida robbery statute is overboard, and thus incapable of serving as a predicate ACCA offense" (ECF No. 175 at 6). Mr. Goldsmith further asserts that his two robbery convictions are more akin to "snatching," which is "less than a

violent felony" (*id.* at 10), and that he "pleaded guilty to robbery at a time when mere snatching sufficed" to sustain a robbery conviction (*id.* at 11).

The record reflects that Mr. Goldsmith's convictions are, factually, more than "mere snatching." Mr. Goldsmith was convicted in 1987 of "principal to robbery" when he used an axe handle to commit the act of robbery by "unlawfully by force, violence, assault or putting [the victim] in fear" (ECF No. 180, PSR ¶ 42). He was convicted in 1994 of "robbery with weapon" after putting a knife to the throat of a victim while cohorts stole money from the victim (PSR ¶ 46).

Regardless of these facts, the Supreme Court recently held that Florida robbery categorically qualifies as an ACCA predicate offense under the ACCA's elements clause. *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). The Court stated that "'physical force,'" or "'force capable of causing physical pain or injury' . . . includes the amount of force necessary to overcome a victim's resistance. Robbery under Florida law corresponds to that level of force and therefore qualifies as a "violent felony" under ACCA's elements clause." *Stokeling*, 139 S. Ct. at 555 (citation omitted). Therefore, Mr. Goldsmith's argument that his two prior Florida robbery convictions are not ACCA predicates is foreclosed by *Stokeling*, and he is not entitled to sentencing relief.

Case Nos.: 3:06cr101/LAC/EMT; 3:16cv270/LAC/EMT

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:06cr101/LAC/EMT; 3:16cv270/LAC/EMT

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 175) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of February 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:06cr101/LAC/EMT; 3:16cv270/LAC/EMT